UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARQUAN PAGE, | Case No. 1:25-cv-02187 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Reuben J. Sheperd |
| CUYAHOGA COUNTY JUVENILE COURT, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Darquan Page filed this action without a lawyer against Defendant Cuyahoga County Juvenile Court and three of its judicial officers: Magistrate Danielle Taylor, Magistrate Anthony Hurst, and "Judge John J. Celebrezze"—the latter presumably being Judge Nicholas J. Celebrezze. Mr. Page is party to a custody case before Defendants. Plaintiff asks the Court to declare that Defendants violated his constitutional rights, grant injunctive relief, order corrective actions, and award compensatory and punitive damages in the amount of $50,000,000 for alleged damages to Plaintiff's reputation, emotional distress, and his loss of parental rights. Plaintiff moves to proceed *in forma pauperis*. The Court **GRANTS** that motion. For the following reasons, the Court **DISMISSES** the case because Plaintiff "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## STATEMENT OF FACTS

Giving liberal construction to the *pro se* complaint, the Court takes the following facts alleged in the complaint as true at this stage of the proceedings.

Mr. Page is currently "seeking to exercise his parental rights in ongoing custody proceedings" at the Cuyahoga County Juvenile Court. (ECF No. 1, ¶ 1, PageID #1–2.) He alleges that, throughout the proceedings, Magistrate Taylor and Magistrate Hurst made derogatory and prejudicial statements on the record, mischaracterized his statements, and permitted false testimony without supporting evidence to influence certain rulings. (*Id.*, ¶ 3, PageID #2.)

On November 8, 2024, Mr. Page claims that Magistrate Hurst threatened him on the record when he stated his intent to place Mr. Page's child into Child Protective Services. (*Id.*, PageID #4.) Mr. Page alleges that this was in retaliation for his request that the Ohio Supreme Court ensure impartial oversight over the proceedings. (*Id.*) Further, Mr. Page claims that he was "threatened and belittled" during hearings when he raised concerns about judicial bias. (*Id.*, ¶ 4, PageID #2.) Also, he alleges that Defendants allowed defamatory statements to stay on the record regarding Mr. Page's character, which he claims damaged "his reputation and jeopardiz[ed] his parental relationship." (*Id.*, ¶ 5, PageID #2.) Finally, Mr. Page claims that Defendants demonstrated "gender and parental bias" in favor of the mother of his child during the proceedings and disregarded his rights as a father. (*Id.*)

## STATEMENT OF THE CASE

Based on these allegations, Plaintiff filed suit in federal court. (*Id.*) He asks the Court to declare that Defendants violated his constitutional rights under the Fourteenth Amendment and 42 U.S.C. § 1983, grant injunctive relief to prevent "further judicial misconduct or retaliation," order corrective actions or disciplinary review for the judicial officers, and award $50,000,000 in damages for alleged damage to Plaintiff's reputation, emotional distress, and loss of parental rights. (*Id.*, PageID #2–3.) Plaintiff invokes federal question jurisdiction based on 28 U.S.C. §§ 1331 and 1343. (*Id.*, PageID #1.) Plaintiff brings claims for (1) violation of his due process rights under the Fourteenth Amendment, (2) defamation of character, (3) abuse of judicial authority and retaliation, (4) violation of his equal protection rights under the Fourteenth Amendment, and (5) intentional infliction of emotional distress. (*Id.*, PageID #2.)

Plaintiff includes a caption for a second complaint in his initial filing. (*Id.*, PageID #4.) This second complaint makes nearly the same accusations and seeks the same relief against the same Defendants, except Judge Celebrezze is not included, and the State of Ohio is included "for its [alleged] failure to protect the Plaintiff's constitutional rights against judicial bias and misconduct." (*Id.*, PageID #4–5.) Further, Plaintiff attached 33 documents to his complaint, including motions for transcripts, juvenile and family services, objections, and exhibits. In addition, Plaintiff filed a motion to submit exhibits and supporting evidence, such as indictments, juvenile court motions, audio recordings, and video footage. (ECF No. 3.)

Finally, Plaintiff filed a "motion for damages" pursuant to 42 U.S.C. § 1983 against two new Defendants—the Cuyahoga County Sheriff's Department and Detective Keith Holmes—that is structured as another complaint regarding an unrelated investigation into Plaintiff. (ECF No. 4.)

## ANALYSIS

Courts construe *pro se* pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis where the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the

4

allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff need not include detailed factual allegations but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### I. *In Forma Pauperis*

Plaintiff's motion to proceed *in forma pauperis* constitutes a sworn statement of truth made under penalty of perjury. (ECF No. 2, PageID #300.) Plaintiff attested that his gross monthly pay is less than $1,000. (*Id.*, PageID #301.) His monthly expenses exceed $2,000. (*Id.*, PageID #303.) Based on this review of the motion, the Court determines that Plaintiff is unable to pay the fees or costs for this case and **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

### II. 28 U.S.C. § 1915

A court must screen the complaint of a litigant it permits to proceed *in forma pauperis*. The Court "shall dismiss the case" if it (i) "is frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Actions by non-prisoners must be screened. *McGore v. Wrigglesworth*, 114 F.3d 601,

608 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Federal courts have limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts only have authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, it is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests with the party attempting to bring the case in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am*erica, 511 U.S. 375, 377 (1994).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff alleges that the Court only has federal question jurisdiction. (ECF No. 1, PageID #1.) This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

6

Although Plaintiff brings an action under 42 U.S.C. § 1983 alleging violations of his federal civil rights, the Court nonetheless lacks jurisdiction. Federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). "Rather, state courts have exclusive jurisdiction over these matters." *Id*. "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones . . . , federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id*.

Notwithstanding the other bases Plaintiff uses to try to support his claims, the core concern of the complaint involves child custody, which are domestic relations issues over which federal courts lack jurisdiction. The Court lacks jurisdiction to determine the propriety of child custody. *See, e.g.*, *Danforth*, 76 F. App'x at 616–17 (affirming application of the domestic relations exception to preclude subject-matter jurisdiction where a plaintiff raised constitutional claims to try "to obtain federal review of domestic relations matters"); *Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. Jan. 10, 2025) (affirming dismissal where plaintiffs "couched their claims" in terms of constitutional violations but "the substance of the claims revolves around [a] state courts' decisions in the domestic-relations proceedings as they relate to [child] custody and [child] visitation rights").

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 2.) After screening the complaint, the Court determines that it

lacks subject-matter jurisdiction in this case. Therefore, the Court **DISMISSES** the case, 28 U.S.C. § 1915(e)(2)(B)(ii), and **DENIES AS MOOT** Plaintiff's motion to submit exhibits and supporting evidence and motion for damages (ECF No. 3, ECF No. 4).

    **SO ORDERED.**

Dated: October 22, 2025

                              J. Philip Calabrese
                              United States District Judge
                              Northern District of Ohio